# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> JORGE VIDRIO, <br>     Defendant. | Case No.: 15-CR-00858-JLS <br><br> **AMENDED ORDER TO COMMIT UNDER 18 U.S.C. § 4241(d)** |

On February 2, 2018, this Court reviewed the psychological evaluation of Defendant JORGE VIDRIO by Dr. Matthew Carroll with the parties. Based on Dr. Carroll's report, the Court ORDERS AS FOLLOWS:

1. The Court finds VIDRIO incompetent to address the Order to Show Cause regarding his alleged violation of supervised release in the above-referenced matter.
2. VIDRIO is committed to the custody of the Attorney General for hospitalization at a facility designated by the Bureau of Prisons, pursuant to 18 U.S.C. § 4241(d).
3. VIDRIO must be transported as promptly as possible from the date this order is signed. The U.S. Attorney's Office in this district is to check with the U.S. Marshals Service and to promptly notify the Court to confirm when VIDRIO has been transported as ordered. If for any reason VIDRIO is not transported within 14 days, the U.S. Attorney's Office is to notify the Court of that fact.

4. The Director of the designated facility shall send a report to counsel and the Court's chambers by May 2, 2018 to provide the status of the facility's efforts to restore VIDRIO's competency.
5. The period of commitment shall expire 120 days after VIDRIO's hospitalization at his designated facility, pursuant to 18 U.S.C. § 4241(d)(1).
6. At the expiration of the commitment period, VIDRIO shall be transferred to the Southern District of California unless he is not found to be restorable.
7. If VIDRIO is not found to be restored to competency at the end of the treatment period, then:
   a. He is to be kept at the treating facility. *See* 18 U.S.C. § 4246;
   b. A copy of the certification as to safety shall be provided to the Southern District of California, the district of arrest, and the Court shall order a hearing to determine whether VIDRIO is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another; and
   c. The United States shall proceed as appropriate in the district where VIDRIO is housed at that time.
8. If medical professionals at the treatment facility determine that VIDRIO must be involuntarily medicated as part of the evaluation process, then prior to any request for court-ordered involuntary medication under *Seel v. United States*, 538 U.S. 166 (2003), they shall first conduct an administrative hearing pursuant to *Washington v. Harper*, 494 U.S. 210 (1990) and 28 C.F.R. § 549.43 to determine whether involuntary medication is warranted because VIDRIO is a danger to himself or others. *See United States v. Hernandez*, 513 F.3d 908, 914-15 (9th Cir. 2008).

9. This matter is to be set for a status hearing before this Court on May 11, 2018 at 2:00 p.m.

SO ORDERED.

Dated: March 6, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge